ord is wholly destitute of proof of any notice to the public of the inauguration of such provisions; and to make a regulation of such a kind (which, of itself, may well be determined a reasonable and necessary one) of any force whatever, there must be attendant proof of reasonable endeavor and effort by notice to apprise the public of its institution. Of course, we have observed that there was no actual refusal to transfer, but what was done in handing the passenger a worthless piece of paper, as this north-bound transfer was, in so far as the accomplishment of the passenger's intention expressed to the conductor of a desire to go south was concerned, must be taken as tantamount to a refusal, and we believe, therefore, that the judgment should be affirmed, with costs.

Judgment affirmed, with costs.    All concur.

---

### GASPER v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.    June 28, 1906.)

CARRIERS—REGULATION—STREET RAILROADS—REFUSAL OF TRANSFER—PENALTY.

A street railway company is not liable for refusal of a transfer where a passenger, though desiring to go south on Avenue A, merely asks for an Avenue A transfer, and is given one good only on a north-bound car.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Evelyn Gasper against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, LEVENTRITT, and Mc-CALL, JJ.

Frank D. Wynn, for appellant.
N. L. Keach, for respondent.

PER CURIAM. There is a difference in the record before us in this case, which in our judgment makes a distinction from that of the case of Erma Gasper v. New York City Railway Co. (decided by us at this term) 99 N. Y. Supp. 902, and calls for the reversal of this judgment. In the Emma Gasper Case the request of the passenger was clearly made for a transfer "south" along Amsterdam avenue, and we have decided that this was refused. In the case under consideration the proof is that the plaintiff asked for a transfer to Amsterdam avenue, and she received same. As this action is for the recovery of a penalty based upon the refusal to obey the mandate of a statute, we feel, that judgment should be sustained only upon strict proof of the violation thereof, and upon this record we do not believe the necessary refusal has been established.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.