## THISTLE v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. May 16, 1907.)

CARRIERS—STREET RAILWAYS—PASSENGERS—TRANSFERS—SUFFICIENCY OF RE-
QUEST.

A street railway company is not liable for refusal of a transfer, where
a passenger, though desiring to transfer to a west-bound car on C. street,
merely asked for a transfer to that street, and was given one to an east-
bound car.

Appeal from Municipal Court, Borough of Manhattan, Eleventh
District.

Action by Hattie S. Thistle against the New York City Railway
Company. From a judgment for plaintiff, defendant appeals. Re-
versed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and
BRADY, JJ.

James L. Quackenbush (Henry F. Gannon, of counsel), for ap-
pellant.

E. V. R. Ketchum, for respondent.

BRADY, J. The plaintiff, according to her own testimony, boarded
a Broadway car bound south, paid her fare, and asked for a transfer
to Canal street. It does not appear from the testimony that she in-
formed the conductor as to what direction on Canal street she desired
to go. She received a transfer. She testified that she changed cars
at Canal street, boarded a west-bound car on that street, offered the
transfer to the conductor, and that the same was refused by him, and
that she thereupon paid a second fare.

The proof shows that the transfer was good on Canal street cars
going in an easterly direction from Broadway. In Gaspar v. N. Y.
City Ry. Co., 99 N. Y. Supp. 904, 51 Misc. Rep. 43, this court held
that, inasmuch as the action was to recover a penalty based upon a
refusal to obey the mandate of a statute, the recovery should be sus-
tained only upon strict proof of the violation thereof, and that, as
the passenger had only asked for a transfer to Amsterdam avenue,
without specifying the direction required, and received one which
was good on a car going north, she did not establish a refusal, al-
though she desired to make the trip in a southerly direction, and the
transfer was not accepted on a car going south. The facts in the
present case were similar, and the doctrine laid down in the case cited
controls.

Judgment reversed, and new trial ordered, with costs to appellant
to abide the event. All concur.